**LAW OFFICES OF XIAN FENG ZOU**
136-20 38th Avenue, Suite 10D
Flushing, NY 11354
Telephone: (718) 661-9562
Facsimile: (718) 661-2211
William X. Zou
zoulawoffice@yahoo.com

*Proposed Attorneys for Debtor*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Clay Riverview LLC,<br><br>                    Debtor. | Chapter 11<br><br>Case No. 20-40381- nhl |

**DEBTOR'S OPPOSITION TO MOTION OF DUPONT STREET 2 LLC FOR RELIEF FROM THE AUTOMATIC STAY**

**SUMMARY OF OPPOSITION**

The motion of DuPont Street 2 LLC ("Mezz Lender") should be denied for the simple reason that there is sufficient value in the underlying real property to pay creditors in full, provided that the Debtor is given a sufficient amount of time to realize that value. Although it is true that the Debtor filed the chapter 11 petition on the eve of a scheduled Uniform Commercial Code secured party's sale of the Debtor's sole asset, its 100% membership interest in the entity that owns the underlying real property, and that the Debtor is a holding company with no employees and income, the underlying value of all the real property can be monetized through a refinancing or a sale. The result of either will generate sufficient proceeds to pay off the existing mortgagee, plus the Mezz Lender, plus any other creditors of the Debtor, and provide a distribution to the Debtor's equity

holder. Therefore, the Mezz Lender cannot demonstrate either the necessary objective or subjective futility of the chapter 11 petition for a bad faith filing.

## BACKGROUND

The Debtor is a holding company. Its sole asset is a 100% membership interest DuPont Street Developers LLC ("Land Loan Borrower"), which owns real properties located at 280 Franklin Street, 10, 14, 22, 26, 30 and 32 Clay Street and 93, 57 and 55 Dupont Street, Brooklyn, NY 11222 (the "Property").

On or about August 11, 2017, the movant DuPoint Street 2 LLC (the "Mezz Lender") made a loan to the Debtor in the sum of $4,850,000.00 (the "Mezz Loan"). Such Mezz Loan is secured by a pledge of the 100% membership in the subsidiary of the Debtor, the Land Loan Borrower herein, which owns the underlying Property.

The amount of the debt to Mezz Lender as of the chapter 11 petition date is claimed to be $7,853,321.20 million.

The Land Loan Borrower is the mortgage borrower from Du Pont Street 1 LLC ("Land Loan Lender"). The principal amount of the mortgage debt on the underlying real property is $28 million. Based upon a recent payoff statement, the amount claimed is now $42,978,813.19.

Consequently, the amount necessary to satisfy both Land Loan and the Mezz Loan is approximately $50.80 million. Significantly, the Debtor is working on finalizing agreements where the sale of the underlying real property for which this Court approval will be sought, the total aggregate amount from the sale will exceed $50.80 million, sufficient to pay off both the Land Loan and Mezz Lender. The ability to monetize this value within a reasonably prompt period of time shows that both Land Lender and Mezz Lender can be paid in full with a distribution to the Debtor's equity holder. Filing the

chapter 11 petitions to prevent the secured party's sale of the 100% membership interests in the owner of the underlying real property was therefore an appropriate use of chapter 11.

## **THE CHAPTER 11 PETITION WAS NOT FILED IN BAD FAITH.**

In the Second Circuit, a chapter 11 petition "is subject to dismissal for bad faith 'if *both* objective futility of the reorganization process *and* subjective bad faith in filing the petition are found.'" *In re E. End Dev., LLC*, 491 B.R. 633, 641 (Bankr. E.D.N.Y. 2013) (quoting *In re Gen. Growth Props., Inc.*, 409 B.R. 43, 56 (Bankr. S.D.N.Y. 2003)) (emphasis in both originals). In the instant case, neither is present.

A reorganization is futile is "from the date of filing the debtor has no reasonable probability of emerging from the bankruptcy proceeding and no realistic chance of reorganizing. *C-TC 9th Ave. P'ship v. Norton Co. (In re C-TC 9th Ave. P'ship)*, 113 F.3d 1304, 1310 (2d Cir. 1997); *E. End. Dev.*, 491 B.R. at 641. As stated above, monetizing the underlying real property through a refinancing or a sale will generate sufficient funds to pay the mortgagee and Mezz Lender in full with interest. Such payment will permit the Debtor to reorganize and emerge from bankruptcy. If Mezz Lender is paid in full with interest, it is unimpaired, 11 U.S.C. § 1124; and cannot vote against a chapter 11 plan. *Id.* § 1126(f); *see Enron Corp. v. New Power Co. (In re New Power Co.)*, 438 F.3d 1113, 1115 (11th Cir. 2006).

Given sufficient time, the Debtor will be able to propose a confirmable plan that pays the Mezz Lender in full with interest from proceeds of the underlying real property. Therefore, the Debtor's reorganization is not futile, and Mezz Lender's motion for relief based on an alleged bad faith should be denied.

Although it is unnecessary to address subjective bad faith, it should be clear that this requirement, too, is lacking. "Subjective bad faith deals with the debtor's internal motivation for filing the petition." *In re Rubin Family Irrevocable Stock Trust*, No. 13-72193 (DTE), 2013 WL 6155606, at *10 (Bankr. E.D.N.Y. Nov. 21, 2013). Because the Debtor intends to pay all creditors in full with interest and distribute the excess value from the underlying real property to the Debtor's equity holder, there can be no improper motivation for the filing.

Mezz Lender relies on the eight factors set forth in *C-TC 9th Ave. P'ship*, 113 F.3d at 1311. Concededly, most of these factors are present. Nevertheless, as this Court has recognized "the number of factors on one side or the other of the balance is not, standing alone, determinative of the outcome." *In re Hartford & York LLC*, No. 13-45563 (ESS), 2014 WL 985449, at *4 (Bankr. E.D.N.Y. Mar. 13, 2014); *accord In re 300 Washington St. LLC*, 528 B.R. 534, 551 (Bankr. E.D.N.Y. 2015). Indeed, these factors are geared toward a hopelessly insolvent single-asset real estate case, and are not particularly relevant to a set of real-estate-related debtors that collectively is balance-sheet solvent but otherwise in financial distress. *Gen. Growth Props.*, 409 B.R. at 56; *see Rubin Family Irrevocable Stock Trust*, 2013 WL 6155606, at *10 n.7.

It must be emphasized that two of the *C-TC 9th Ave. P'ship* factors are notably absent: There is no "pending state foreclosure action" to resolve a dispute between the Debtor and the secured creditor (factors 5 and 6). Mezz Lender did not commence a foreclosure action in the sense of a legal proceeding, but instead scheduled an Uniform Commercial Code secured party's sale, which requires no judicial assistance or intervention. The Second Circuit expressly condemned the filing of a bankruptcy petition by a debtor whose "main purpose in filing its Chapter 11 petition was to stay the state

court proceedings and to relitigate in the bankruptcy forum the matters that had been settled in the state court." 113 F.3d at 1311. Here, there is no pending state court litigation, and certainly not one that has decided a matter that the Debtor seeks to relitigate in this Court.

Therefore, despite the presence of most of the *C-TC 9th Ave. P'ship* factors, the facts and circumstances of this case demonstrate that there was no subjective bad faith in filing the Debtor's chapter 11 petition, and Mezz Lender's motion for relief must be denied.

Courts should grant relief based upon bad faith filings "only sparingly and with great caution." *Gen. Growth Props.*, 409 B.R. at 56; *accord Rubin Family Irrevocable Stock Trust*, 2013 WL 6155606, at *10, *see E. End Dev.*, 491 B.R. at 641. In the present case, neither objective nor subjective bad faith can be demonstrated, and both are required. The motion for relief on the ground of a bad faith filing must be denied.

The Mezz Lender's instant motion for relief from the automatic stay is solely based upon for "cause." The only "cause" relied on by Mezz Lender is the Debtor's alleged bad faith. In particular, Mezz Lender does not allege a lack of adequate protection. Nor does Mezz Lender allege that the Debtor lacks equity in the collateral and that such collateral is unnecessary for an effective reorganization.

Since Mezz Lender cannot demonstrate that the petition is a bad faith filing, it therefore cannot demonstrate that cause exists to grant relief from the automatic stay based on the bad faith.

Indeed, the ability to monetize the underlying real property to generate sufficient funds to pay all creditors in full shows that there is no bad faith. The motion for relief from the automatic stay must therefore be denied.

## **CONCLUSION**

For all the foregoing reasons, Mezz Lender's motion for relief from the automatic stay should be denied in all respects.

Dated: Flushing, NY
       February 17, 2020

**LAW OFFICES OF XIAN FENG ZOU**

*/s/ William X. Zou*
By:_____
William X. Zou
136-20 38th Avenue, Suite 10D
Flushing, NY 11354
Telephone: (718) 661-9562
Facsimile: (718) 661-2211
zoulawoffice@yahoo.com

*Proposed Attorneys for Debtor*