UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                                    Chapter 11

Clay Riverview LLC,                                              20-40381 (NHL)

                                            Debtor.
-----------------------------------------------------------x

**RESPONSE OF ABRAHAM LESER TO DEBTOR'S OPPOSITION
TO MOTION FOR AN ORDER PURSUANT TO BANKRUPTCY RULE 2004
AUTHORIZING THE PRODUCTION OF DOCUMENTS
AND THE EXAMINATION OF WITNESSES**

**TO THE HONORABLE NANCY HERSHEY LORD,
UNITED STATES BANKRUPTCY JUDGE:**

      1.      Abraham Leser ("Leser"), by his attorneys, Goldberg Weprin Finkel Goldstein LLP, as and for his response to the Opposition (ECF #52) filed by the Debtor to Leser's Motion for the entry of an Order pursuant to Bankruptcy Rule 2004 authorizing Leser to serve Bo Jin Zhu ("Zhu"), managing member of Clay Riverview LLC (the "Debtor"), with a subpoena duces tecum (the "Subpoena") requiring Zhu to appear for examination and produce various documents, respectfully represents:

      2.      Since the Motion was filed, the Court entered an Order fixing a bar date for the filing of claims. To protect his rights, Leser filed a contingent claim for the amount of his loan to fund certain letters of credit. This does not in any way change the need for information as to the full facts and circumstances surrounding the disposition of the letters of credit, so that Leser can make proper determinations with respect to his claim.

      3.      In its Opposition, the Debtor raises several spurious defenses, alleging that (i) the Debtor was not formed until after the letters of credit were issued and therefore has no meaningful information; (ii) the claims relating to the letters of credit have already been

dismissed in more than one court, mooting the need for a Rule 2004 examination; and (iii) the requests are more properly sought in the context of pending state court litigation. All three of these arguments are meritless, and completely ignore the impact of the Chapter 11 filing.

4. Leser proposes to use the Rule 2004 examination to garner information concerning a claim against the estate. The definition of claim under the Bankruptcy Code is intentionally broad, as is the proposed use of an examination under Rule 2004, and both readily encompass the proposed examination here.

5. In filing a proof of claim to protect his interests, Leser was careful to label the claim as contingent, as he is still gathering information. Using Rule 2004 to seek out documents and testimony relating to his claim so as to finally determine his rights against the Debtor and the Property is well within the intended scope of the Rule.

6. As set forth in detail in the Motion, the basis of the contingent claim is that Leser funded letters of credit which were to be used to fund environmental cleanup at the Property. In its Opposition, the Debtor seeks to misdirect the question by arguing that Leser's claims should be pursued against Sam Sprei and Chaim Miller, who used the funds to obtain the letters of credit. The Debtor also makes much of the fact that the letters were issued well prior to the acquisition of the Property by the Debtor's wholly owned entity, Dupont Street Developers.

7. The fact remains that the letters were not drawn down until after Dupont Street Developers acquired title. Accordingly, to the extent that the letters of credit were used as intended for environmental cleanup, the Debtor gained a direct benefit by the increase in value of the Property resulting from the cleanup funded by Leser's loan, giving rise to a claim regardless of privity.

8. Moreover, with the pending change in disposition of the Property, either through sale or refinancing, the Debtor stands to potentially receive a distribution on account of its indirect ownership of the Property as the sole member of Dupont Street Developers. This in turn may give rise to rights held by Leser to assert a claim based on his loan of the original funds for the letters of credit.

9. Thus ownership of the Property at the time of the loan, and potential claims against Sprei and Miller are not germane to the analysis here. It is disingenuous to say the least for Zhu and the Debtor to claim that they have no information merely because they acquired the Property after the letters were issued, since the focus of the 2004 examination will be on how the letters of credit were used, and whether Leser holds any residual claims against the Debtor which can be pursued.

10. For this same reason, the cases cited by the Debtor on this point are inapposite. For example, *In re Wilcher*, 56 B.R. 428, 434 (Bankr. N.D.IL 1985), cited in the Opposition, limits the use of Rule 2004 to "launch into a wholesale investigation of a non-debtor's private business affairs". The issue here is directly related to the contingent claim asserted by Leser against the Debtor and its wholly owned subsidiary and not "private business affairs".

11. Moreover, contrary to the Debtor's contentions, these issues have not be resolved by earlier court rulings. For example, in dismissing the involuntary petitions, Judge Craig found that the claims of the petitioners were disputed, and were therefore ineligible to support a filing. Thus, she did not resolve the disputes, but acknowledged them, and made no findings as to the merits of Leser's contingent claim.

12. The Debtor also cites to rulings in the state court dismissing claims asserted by Miller relating to the letters of credit, based on general releases. Not only are the rulings on

appeal, but Leser is not a party to the state court litigation. For this reason, the cases cited by the Debtor limiting the use of Rule 2014 when there is a pending litigation are completely off point.

13. On the other hand, Leser does need an immediate need to proceed to establish his rights in this Chapter 11 case, which will have a direct impact on the Property, and claims arising in connection with maintaining and protecting the Property.

14. Indeed, the fact that a bar date has already been established, and a trial has been scheduled on a lift motion that will impact the underlying Property, amply demonstrate the need to proceed in with a Rule 2004 in this case to determine the extent of Leser's rights, so that he may take all appropriate actions to protect those rights through the claims process.

15. Finally, the Debtor raises objections to certain of the areas in which Rule 2014 discovery is sought. Leser respectfully submits that these issues should, in the first instance, be addressed between the parties once the Rule 2004 examination is approved and the subpoena is issued. Should the parties be unable to resolve any disputes themselves, the Court can address the issues at that time.

WHEREFORE, Leser respectfully requests that this Court enter an order consistent with the foregoing.

Dated: New York, New York
       September 22, 2020

                                      GOLDBERG WEPRIN
                                      FINKEL GOLDSTEIN, LLP
                                      Counsel for Abraham Leser
                                      1501 Broadway, 22nd Floor
                                      New York, New York 10036
                                      Tel. (212) 221-5700


                                      By:   /s/ J. Ted Donovan