UNITED STATES BANKRUPTCY COURT
<u>EASTERN</u> DISTRICT OF <u>NEW YORK</u>

In re <u>Clay Riverview LLC</u>                                           Case No. <u> 1-20-40381 </u>
    **Debtor**                                                        Reporting Period: <u> 08/01/2020-08/31/2020 </u>

Federal Tax I.D. # <u> 46-4716554 </u>

### SINGLE ASSET REAL ESTATE COMPANIES

**File with the Court and submit a copy to the United States Trustee within 20 days after the end of the month and submit a copy of the report to any official committee appointed in the case.**
*(Reports for Rochester and Buffalo Divisions of Western District of New York are due 15 days after the end of the month, as are the reports for Southern District of New York.)*

| REQUIRED DOCUMENTS | Form No. | Document Attached | Explanation Attached |
|---|---|---|---|
| Schedule of Cash Receipts and Disbursements | MOR-1 (RE) | | |
| Bank Reconciliation (or copies of debtor's bank reconciliations) | MOR-1 (CON'T) | X | |
|    Copies of bank statements | | x | |
|    Cash disbursements journals | | | |
| Statement of Operations | MOR-2 (RE) | X | |
| Balance Sheet | MOR-3 (RE) | | |
| Summary of Unpaid Post-petition Debts | MOR-4 (RE) | X | |
|    Copies of tax returns filed during reporting period | | | |
| Rent Roll | MOR-5 (RE) | | |
| Payments to Insiders and Professional | MOR-6 (RE) | | |
| Post Petition Status of Secured Notes, Leases Payable | MOR-6 (RE) | | |
| Cash Flow Projection | MOR-7 (RE) | | |
| Debtor Questionnaire | MOR-8 (RE) | X | |

I declare under penalty of perjury (28 U.S.C. Section 1746) that this report and the attached documents
are true and correct to the best of my knowledge and belief.

<u>Signature of Debtor /s/ Clay Riverview LLC</u>                                     Date _____

<u>Signature of Authorized Individual* /s/ Bo Jin Zhu</u>                          Date, 11/16/2020 _____

<u>Printed Name of Authorized Individual Bo Jin Zhu, Manager</u>            Date _____

*Authorized individual must be an officer, director or shareholder if debtor is a corporation; a partner if debtor is a
partnership; a manager or member if debtor is a limited liability company.

In re_Clay Riverview LLC_____          Case No._1-20-40381_____
     **Debtor**          Reporting Period:_08/01/2020 – 08/31/2020___

# BANK RECONCILIATIONS

**Continuation Sheet for MOR-1**

A bank reconciliation must be included for each bank account. The debtor's bank reconciliation may be substituted
for this page.

(Bank account numbers may be redacted to last four   numbers.)

|  | Operating # | Tax # | Other # |
|---|---|---|---|
| **BALANCE PER BOOKS** | 43.65 | | |
|  | | | |
| **BANK BALANCE** | 43.65 | | |
| (+) DEPOSITS IN TRANSIT *(ATTACH LIST)* | 0 | | |
| (-) OUTSTANDING CHECKS *(ATTACH LIST)* : | 0 | | |
| OTHER *(ATTACH EXPLANATION)* | 0 | | |
|  | | | |
| **ADJUSTED BANK BALANCE \*** | 43.65 | | |

\*"Adjusted Bank Balance" must equal "Balance per  Books"

| DEPOSITS  IN TRANSIT | Date | Date | Amount |
|---|---|---|---|
| 0 | | | |
| | | | |
| | | | |
| | | | |

| CHECKS  OUTSTANDING | Ck. # | Ck. # | Amount |
|---|---|---|---|
| 0 | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**OTHER**
  n/a

In re  Clay Riverview LLC

 Debtor

Case No.  1-20-40381

Reporting Period:  08/01/2020 – 08/31/2020

## STATEMENT OF OPERATIONS  (Income Statement)

The Statement of Operations is to be prepared on an accrual basis. The accrual basis of accounting recognizes revenue
when it is realized and expenses when they are incurred, regardless of when cash is actually received or paid.

| INCOME | MONTH | CUMULATIVE -FILING TO DATE |
|---|---|---|
| Rental Income | 0 | 0 |
| Additional Rental Income | 0 | 0 |
| Common Area Maintenance Reimbursement | 0 | 0 |
| Total Income *(attach MOR-5 (RE) Rent Roll)* | 0 | 0 |
| **OPERATING EXPENSES** | | |
| Advertising | 0 | 0 |
| Auto and Truck Expense | 0 | 0 |
| Cleaning and Maintenance | 0 | 0 |
| Commissions | 0 | 0 |
| Officer/Insider Compensation* | 0 | 0 |
| Insurance | 0 | 0 |
| Management Fees/Bonuses | 0 | 0 |
| Office Expense | 0 | 0 |
| Other Interest | 0 | 0 |
| Repairs | 0 | 0 |
| Supplies | 0 | 0 |
| Taxes - Real Estate | 0 | 0 |
| Travel and Entertainment | 0 | 0 |
| Utilities | 0 | 0 |
| Other *(attach schedule)* | 0 | 0 |
| Total Operating Expenses Before Depreciation | 0 | 0 |
| Depreciation/Depletion/Amortization | 0 | 0 |
| Net Profit (Loss) Before Other Income & Expenses | 0 | 0 |
| **OTHER INCOME AND EXPENSES** | | |
| Other Income *(attach schedule)* | 0 | 0 |
| Interest Expense | 0 | 0 |
| Other Expense *(attach schedule)* | 0 | 0 |
| Net Profit (Loss) Before Reorganization Items | 0 | 0 |
| **REORGANIZATION ITEMS** | | |
| Professional Fees | 0 | 0 |
| U. S. Trustee Quarterly Fees | 0 | 0 |
| Interest Earned on Accumulated Cash from Chapter 11 *(see continuation sheet)* | 0 | 0 |
| Gain (Loss) from Sale of Property | 0 | 0 |
| Other Reorganization Expenses *(attach schedule)* | 0 | 0 |
| Total Reorganization Expenses | 0 | 0 |
| Income Taxes | 0 | 0 |
| Net Profit (Loss) | 0 | 0 |

*"Insider" is defined in 11 U.S.C. Section 101(31).

In re  Clay Riverview LLC _____

**Debtor**

Case No.  1-20-40381 _____

Reporting Period:  08/01/2020 – 08/31/2020 _____

## BREAKDOWN OF "OTHER" CATEGORY

OTHER OPERATIONAL EXPENSES

| n/a | | |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

OTHER INCOME

| n/a | | |
|---|---|---|
|  |  |  |
|  |  |  |

OTHER EXPENSES

| n/a | | |
|---|---|---|
|  |  |  |
|  |  |  |

OTHER REORGANIZATION EXPENSES

| n/a | | |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**Reorganization Items - Interest Earned on Accumulated Cash from Chapter  11:**

Interest earned on cash accumulated during the chapter 11 case, which would not have been earned but for the bankruptcy proceeding, should be reported as a reorganization  item.

In re    Clay Riverview LLC                    Case No.  1-20-40381

Debtor                    Reporting Period:  08/01/2020 – 08/31/2020

## SUMMARY OF UNPAID POST-PETITION DEBTS

|  | Number of Days Past Due | | | | | |
|---|---|---|---|---|---|---|
|  | Current | 0-30 | 31-60 | 61-90 | Over 91 | Total |
| Mortgage |  |  |  |  |  | 0 |
| Rent |  |  |  |  |  | 0 |
| Secured Debt/Adequate Protection Payments |  |  |  |  |  | $7,853,321.20 |
| Professional Fees |  |  |  |  |  |  |
| Real Estate Taxes |  |  |  |  |  |  |
| Other Post-Petition debt *(list creditor)* |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
| **Total Post-petition Debts** |  |  |  |  |  | $7,853,321. |

**Explain how and when the Debtor intends to pay any past due post-petition debts.**
**Upon sale of real property owned by a subsidiary**

In re  Clay Riverview LLC _____     Case No. 1-20-40381 _____

Debtor     Reporting Period: 08/01/2020 – 08/31/2020 _____

## DEBTOR QUESTIONNAIRE

| | Must be completed each month.  If the answer to any of the questions is "Yes", provide a detailed explanation of each item. Attach additional sheets if necessary. | Yes | No |
|---|---|---|---|
| 1 | Have any assets been sold or transferred outside the normal course of business this reporting period? | | x |
| 2 | Have any funds been disbursed from any account other than a debtor in possession account this reporting period? | | x |
| 3 | Is the Debtor delinquent in the timely filing of any post-petition tax returns? | | x |
| 4 | Are workers compensation, general liability or other necessary insurance coverages expired or cancelled, or has the debtor received notice of expiration or cancellation of such policies? | | x |
| 5 | Is the Debtor delinquent in paying any insurance premium payment? | | x |
| 6 | Have any payments been made on pre-petition liabilities this reporting period? | | x |
| 7 | Are any post petition receivables (accounts, notes or loans) due from related parties? | | x |
| 8 | Are any post petition State or Federal income taxes past due? | | x |
| 9 | Are any post petition real estate taxes past due? | X | |
| 10 | Are any other post petition taxes past due? | | x |
| 11 | Have any pre-petition taxes been paid during this reporting period? | | x |
| 12 | Are any amounts owed to post petition creditors delinquent? | | x |
| 13 | Have any post petition loans been been received by the Debtor from any party? | | x |
| 14 | Is the Debtor delinquent in paying any U.S. Trustee fees? | | x |
| 15 | Is the Debtor delinquent with any court ordered payments to attorneys or other professionals? | | x |
| 16 | Have the owners or shareholders received any compensation outside of the normal course of business? | | x |

**TD Bank**
America's Most Convenient Bank®

E                STATEMENT OF ACCOUNT

CLAY RIVERVIEW LLC
DIP CASE 20-40381 EDNY
8710 QUEENS BLVD FL 1
ELMHURST NY 11373

| | |
|---|---|
| Page: | 1 of 2 |
| Statement Period: | Aug 01 2020-Aug 31 2020 |
| Cust Ref #: | 4377289082-039-E-*** |
| Primary Account #: | 437-7289082 |

## Chapter 11 Checking

CLAY RIVERVIEW LLC
DIP CASE 20-40381 EDNY

Account # 437-7289082

### ACCOUNT SUMMARY

| | | | |
|---|---|---|---|
| Beginning Balance | 43.65 | Average Collected Balance | 43.65 |
| Ending Balance | 43.65 | Interest Earned This Period | 0.00 |
| | | Interest Paid Year-to-Date | 0.00 |
| | | Annual Percentage Yield Earned | 0.00% |
| | | Days in Period | 31 |

### DAILY ACCOUNT ACTIVITY

No Transactions this Statement Period

Call 1-800-937-2000 for 24-hour Bank-by-Phone services or connect to www.tdbank.com

Deposits FDIC Insured | TD Bank, N.A. | Equal Housing Lender

on this statement.

· Subtract any automatic payments, transfers or other electronic withdrawals not previously recorded.

· Add any interest earned if you have an interest-bearing account.

· Add any automatic deposit or overdraft line of credit.

· Review all withdrawals shown on this statement and check them off in your account register.

· Follow instructions 2-5 to verify your ending account balance.

2. List below the amount of deposits or credit transfers which do not appear on this statement. Total the deposits and enter on Line 2.

3. Subtotal by adding lines 1 and 2.

4. List below the total amount of withdrawals that do not appear on this statement. Total the withdrawals and enter on Line 4.

5. Subtract Line 4 from 3. This adjusted balance should equal your account balance.

② Total Deposits    +  _____

③ Sub Total    _____

④ Total Withdrawals    -  _____

⑤ Adjusted Balance    _____

| ② DEPOSITS NOT ON STATEMENT | DOLLARS | CENTS |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
| **Total Deposits** |  | ② |

| ④ WITHDRAWALS NOT ON STATEMENT | DOLLARS | CENTS |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

| WITHDRAWALS NOT ON STATEMENT | DOLLARS | CENTS |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
| **Total Withdrawals** |  | ④ |

**FOR CONSUMER ACCOUNTS ONLY    IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR ELECTRONIC FUNDS TRANSFERS:**

If you need information about an electronic fund transfer or if you believe there is an error on your bank statement or receipt relating to an electronic fund transfer, telephone the bank immediately at the phone number listed on the front of your statement or write to:

**TD Bank, N.A., Deposit Operations Dept, P.O. Box 1377, Lewiston, Maine 04243-1377**

We must hear from you no later than sixty (60) calendar days after we sent you the first statement upon which the error or problem first appeared.  When contacting the Bank, please explain as clearly as you can why you believe there is an error or why more information is needed.  Please include:

· Your name and account number.
· A description of the error or transaction you are unsure about.
· The dollar amount and date of the suspected error.

When making a verbal inquiry, the Bank may ask that you send us your complaint in writing within ten (10) business days after the first telephone call.

We will investigate your complaint and will correct any error promptly.  If we take more than ten (10) business days to do this, we will credit your account for the amount you think is in error, so that you have the use of the money during the time it takes to complete our investigation.

**INTEREST NOTICE**

Total interest credited by the Bank to you this year will be reported by the Bank to the Internal Revenue Service and State tax authorities. The amount to be reported will be reported separately to you by the Bank.

**FOR CONSUMER LOAN ACCOUNTS ONLY    BILLING RIGHTS SUMMARY**

In case of Errors or Questions About Your Bill:

If you think your bill is wrong, or if you need more information about a transaction on your bill, write us at P.O. Box 1377, Lewiston, Maine 04243-1377 as soon as possible. We must hear from you no later than sixty (60) days after we sent you the FIRST bill on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights. In your letter, give us the following information:

· Your name and account number.
· The dollar amount of the suspected error.
· Describe the error and explain, if you can, why you believe there is an error.
  If you need more information, describe the item you are unsure about.

You do not have to pay any amount in question while we are investigating, but you are still obligated to pay the parts of your bill that are not in question. While we investigate your question, we cannot report you as delinquent or take any action to collect the amount you question.

FINANCE CHARGES: Although the Bank uses the Daily Balance method to calculate the finance charge on your Moneyline/Overdraft Protection account (the term "ODP" or "OD" refers to Overdraft Protection), the Bank discloses the Average Daily Balance on the periodic statement as an easier method for you to calculate the finance charge. The finance charge begins to accrue on the date advances and other debits are posted to your account and will continue until the balance has been paid in full. To compute the finance charge, multiply the Average Daily Balance times the Days in Period times the Daily Periodic Rate (as listed in the Account Summary section on the front of the statement). The Average Daily Balance is calculated by adding the balance for each day of the billing cycle, then dividing the total balance by the number of Days in the Billing Cycle. The daily balance is the balance for the day after advances have been added and payments or credits have been subtracted plus or minus any other adjustments that might have occurred that day. There is no grace period during which no finance charge accrues. Finance charge adjustments are included in your total finance charge.